FREEDMAN NORMAND FRIEDLAND

July 23, 2026

Ms. Molly Dwyer
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

Re: *Edwards v. TikTok Inc.*, Case No. 25-5868

Dear Ms. Dwyer:

Petitioner-Appellee Brittany Edwards ("Edwards") submits this letter in response to Respondent-Appellant TikTok Inc.'s ("TikTok") July 17, 2026 letter characterizing *Combs v. Netflix, Inc.*, -- F.4th --, 2026 WL 1974172 (9th Cir. July 8, 2026), as supportive authority. *Combs* is inapposite.

*Combs* interpreted a statutory term of art in the Ending Forced Arbitration Act ("EFAA"), 9 U.S.C. §§ 401–02, which applies to "any dispute or claim that arises or accrues on or after" March 3, 2022. *Combs*, 2026 WL 1974172, at *3. Because Congress used the disjunctive "or" in the EFAA, the Court held that "disputes that arise" and "claims that accrue" are "two distinct concepts." *Id.* In *Combs*, the claim accrued before the EFAA's effective date, so the EFAA could apply only if the dispute arose afterward; the Court held it did not.

But this appeal presents no EFAA question. It turns on California contract law: whether the Updated Terms—lacking any "clear and specific waiver"—

abrogated a severable arbitration agreement that expressly "survive[s] any termination of these terms" and covers claims that accrued years earlier. Dkt. 29.1 at 24-28. *Combs* says nothing about severability, survivability clauses, integration clauses, or competing dispute-resolution clauses.

As Edwards explained, "[n]othing in this case turns on the meaning of the word 'dispute.'" Dkt. 29.1 at 29. Both sets of TikTok's terms reach any "dispute, *controversy, or claim*" (Original Terms) or "*claim, cause of action*, or dispute" (Updated Terms). *Id.* Claim accrual is "a legal term of art with a well-established meaning": a claim accrues when the plaintiff has a "complete and present cause of action." *Combs*, 2026 WL 1974172, at *4. D.B.'s claims accrued while the Original Terms governed, and the surviving arbitration clause covers them; the Updated Terms' forum-selection clause reaches only claims "arising out of or relating to *these Terms*." Dkt. 29.1 at 30.

In any event, TikTok waived its "dispute" timing argument by failing to raise it below. *Id.* at 28; *Loomis v. Cornish*, 836 F.3d 991, 997 (9th Cir. 2016).

Sincerely,

*/s/ Kyle W. Roche*
Kyle W. Roche

*Counsel for Petitioner-Appellee Brittany Edwards on behalf of D.B. Barlow*